AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| REINIER KOOLE | ) | Case No.  10-8266-JMH |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ September 15, 2010 _____ in the county of _____ Palm Beach _____ in the

_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 930(a) and (b) | did knowingly possess and cause to be present a firearm, that is a black semi-automatic pistol, serial number ASM-86, in a Federal Facility; and did with the intent that the firearm be used or attempt to be used in the commission of a crime, that is assaulting, intimidating or interfering with an employee of the United States or agency of the United States in violation of 18 USC 111(a), knowingly possess a firearm in a Federal Facility. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

FILED by ___ _M___ D.C.

SEP 1 6 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

☑ Continued on the attached sheet.

_Complainant's signature_

PAUL MASTANDO, Special Agent, US VAOIG
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 9-16-10

_Judge's signature_

City and state:     WEST PALM BEACH, FLORIDA

JAMES M. HOPKINS, US MAGISTRATE JUDGE
_Printed name and title_

**ATTACHMENT A**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Paul Mastando, Special Agent, United States Department of Veterans Affairs ("VA"),

Office of Inspector General ("OIG"), being duly sworn, state as follows:

**I.    INTRODUCTION**

1.    I am a Special Agent with the United States Department of Veterans Affairs

(VA), Office of Inspector General (OIG), Criminal Investigations Division (CID), and have been

so employed since July 2010.  Prior to that I was a Special Agent with US Department of State

for over 11 years. I am currently assigned to West Palm Beach Resident Agency, West Palm

Beach, Florida. My duties include investigations of programs and operations of the VA.  These

investigations include, but are not limited to, healthcare fraud, benefits fraud, cemetery

administration fraud, fugitives, narcotics, general crimes, threats against employees and other

fraud against the Government.

2.    This Affidavit is submitted in connection with an application for a warrant of

arrest for REINIER KOOLE, a 6' 02", white male, date of birth 1/7/1977, Social Security

Number 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, who currently resides at 8561 Windy Circle, Boynton Beach, FL 334721.

I believe that there is probable cause that Reinier Koole, did, on or about 1325 hrs, 09/15/2010,

enter a United States federal facility, namely the Veteran Affairs (VA) Medical Center, located at

7305 N Military Trail, Riviera Beach, FL, in possession of a firearm and in furtherance of his

endeavor to threaten and intimidate a VA employee who had obtained a temporary injunction

(Florida 15th Judicial Circuit (Palm Beach County) Case# 502-010-DR0—10867-XXX-XSB)

against him on 9/14/2010.  The VA Medical Center posts and maintains signage at all entry

points that state "NO FIREARMS OR WEAPONS ALLOWED ON THIS PROPERTY 18 USC

930." Koole arrived without an appointment to speak with VA Police Chief Thomas Tomlinson in room BA2621D of the VA medical Center. Chief Tomlinson and Detective Donald Prosser both observed Koole possessed a semi automatic pistol during this meeting.

3.    Chief Tomlinson identified Koole by his blue veteran's ID card and subject introduced himself upon entry to the Chief's office. Koole said he was told by Palm Beach County Sherriff's Office to contact Chief Tomlinson for proper paperwork so he could obtain reports in support of his efforts to obtain a restraining order against his ex-girlfriend who is a VA employee. Koole relayed that his ex-girlfriend had reported him to Florida's Department of Children and Families and he was upset over it. Koole said if the VA did not take care of it he would. Chief Tomlinson said he takes that as a threat. Koole replied that it was not a threat but frustration. Chief Tomlinson asked Koole's about his concealed carry weapon (CCW) permit and if he recently bought a gun. Koole presented the CCW permit and told Chief he had the gun right here. Koole patted his waist line and then pulled up his shirt to show him the weapon. Chief observed that there was no magazine in the weapon and had Koole remove and place it on the desk. Chief gave the weapon to VA Detective Processor who obtained the serial #ASM-86 from its backstrap. Det. Processor said the weapon was small, black semi-auto pistol, possibly be a Glock, and believed it to be an actual weapon, not a replica.

4.    Chief asked if Koole was aware of the policy prohibiting firearms on federal property. Koole said no because he has a CCW permit, he was allowed to carry his firearms on VA property. Koole said he saw the posted signs around the facility but said that it did not apply to him because he had a concealed carry weapons permit. Chief explained that the signs did apply and it was a violation. The sign states: "NO FIREARMS OR WEAPONS ALLOWED ON THIS PROPERTY 18 USC 930," and does not indicate exceptions for individuals possessing

CCW permits.  Detective Processor advised that KOOLE was in possession of a loaded

magazine which was in KOOLE's right front short's pocket.   Koole was allowed to depart with

the firearm in the trunk of his vehicle (light blue Ford sedan) at 1355 hour.

5.      On 9/14/2010, the day prior to appearing at the VA facility, Koole made

telephone contact with two VA employees communicating threats against his ex-girlfriend.  In

one call he indicated that he recently bought a gun and if the VA doesn't take care of it, he will.

According to a witness statement obtained by VA Police, Koole told a Licensed Clinical Social

Worker who was checking on Koole,"I'm going to kill this women (sic)."

## IV.    CONCLUSION

6.      In consideration of the foregoing, I respectfully request that this court issue an

arrest warrant for Reinier Koole based upon the information developed and evidence recovered

through the course of this investigation that there is probable cause to believe that the laws

regulating possession of a firearm on a federal facility, as herein before described violated Title

18 U.S.C. Section 930(a).

PAUL MASTANDO
Special Agent
United States Department of Veteran Affairs
Office of Inspector General

Sworn and Subscribed before me on

this _____ day of _____ 2010.

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE